# EXHIBIT 1

**Report on Enforced or Involuntary Disappearances**

---

**El Salvador**

| | |
|---|---|
| **Case No:** | ███████ |
| SURNAME(S): | ███████████ |
| Name(s): | ██████████ |
| Date of transmission: | **March 26, 2025** |
| Case solved: | **No** |

Country(ies) in copy: United States of America, Venezuela (Bolivarian Republic of)

## I. Identity details of the person

SURNAME(S):     ███████████              Name(s):     ████████

Gender:          Male

Nationality:     Venezuela (Bolivarian Republic of)

## II.1 Date when the person was last seen                **March 26, 2025**

## III.1 Place where the person was last seen

City:          Arizona                          District:

Province:                                       Country:  United States of America

Place                          Taken/Seen:  DETENTION CENTER

## VI. Complainant(s)

Confidential                                    Date:  March 23, 2025

Confidential                                    Date:  March 26, 2025

## VII. Other elements of the complaint

---

**Session:     136**

**INFORMATION FROM THE SOURCE**                 Date:   March 23, 2025

1

**El Salvador**          **10015288**

Mr. ███████████████████ a Venezuelan national and holder of United States non-citizen number ("A Number") ████, was in the custody of Immigration and Customs Enforcement (ICE) in Arizona when he was allegedly deported from the United States of America to El Salvador, as part of the mass deportations that took place since March 15, 2025.

Persons associated with Mr. █████████████████ stated that his name disappeared from the United States' ICE Online Detention Locator since that date.

On March 21, 2025, persons associated with Mr. ████████████████ identified his name on a list of persons allegedly deported from the United States of America to El Salvador, which was published by a local media outlet. However, according to the information received, to date, neither the Government of El Salvador nor the Government of the United States has published official information on the list of deported persons or their current place of detention.

At the time of this communication, the fate and whereabouts of Mr. █████████████████ remain unknown.

Sent to the Government:  March 26, 2025

---

**Session:**   **136**

**INFORMATION FROM THE GOVERNMENT**       Date:  April 03, 2025

2

**Report on Enforced or Involuntary Disappearances**

According to information received from the Government of El Salvador:

"The State of El Salvador herewith wishes to refer to the communications from the Working Group on Enforced or Involuntary Disappearances with reference G/SO/217/1/SLV (...) which state that the aforementioned Group has received information on "alleged enforced disappearances in El Salvador, in the context of mass deportations carried out between the Government of the United States of America and El Salvador" (...).

The Salvadoran State has conducted a detailed analysis of the claims presented in the communications sent by the Working Group, which indicate that the persons mentioned: i) were in the custody of the United States Immigration and Customs Enforcement (ICE); ii) were allegedly deported to El Salvador on March 15, 2025; iii) ceased to appear in ICE's Online Detainee Locator System as of that date; iv) were identified on a list of deportees published by a local media outlet1; and v) their fate and whereabouts are unknown.

In response to the above, the State of El Salvador provides its response to these communications, presenting its observations and specific requests for the due attention of the Working Group.

1. On the lack of grounds for the request for information from the State of El Salvador.

The Salvadoran State emphatically states that its authorities have not arrested, detained, or transferred the persons referred to in the communications of the Working Group. The actions of the State of El Salvador have been limited to the implementation of a bilateral cooperation mechanism with another State, through which it has facilitated the use of the Salvadoran prison infrastructure for the custody of persons detained within the scope of the justice system and law enforcement of that other State. In this context, the jurisdiction and legal personality for these persons lie exclusively with the competent foreign authorities, by virtue of international agreements signed and in accordance with the principles of sovereignty and international cooperation in criminal matters.

In this regard, the actions attributable to the Salvadoran State are limited to its sovereignty and territorial jurisdiction, and therefore it cannot be held responsible for the failure to observe the principle of non-refoulement with respect to the persons mentioned.

2. On the absence of elements constituting enforced disappearance attributable to the State of El Salvador.

In this regard, the State of El Salvador emphasizes that the claims presented do not attribute any direct action to the Salvadoran State that meets the definition of enforced disappearance under international law and the working methods of the Working Group.

The definition of enforced disappearance, as established in the International Convention for the Protection of All Persons from Enforced Disappearance, the Inter-American Convention on Enforced Disappearance of Persons, the Rome Statute, and the jurisprudence of regional human rights systems, requires the concurrence of specific elements: deprivation of liberty by state agents or persons acting with their acquiescence, followed by a refusal to acknowledge that deprivation of liberty or to reveal the person's whereabouts, whereas in the present case, the claims are based on the alleged disappearance of the persons indicated, derived from the absence of their names in a system administered by a foreign authority—the United States Immigration and Customs Enforcement—and in a publication by a non-official media outlet whose operations are not registered in El Salvador.

The Working Methods of the Working Group on Enforced or Involuntary Disappearances require that communications specify the measures taken by relatives or representatives to determine the person's whereabouts, including the exhaustion of domestic remedies. It should be noted that the claims presented do not meet this requirement. Consequently, failure to comply with the decisions or information mechanisms of foreign authorities cannot be attributed to the State of El Salvador, nor does it constitute a valid basis for the Working Group to request information from it.

3. On the proper registration of these cases by the Working Group on Enforced Disappearances.

In response to the Working Group's statement that these cases are only included in the statistics of the Government of El Salvador, the State notes that, according to the Working Methods of the Working Group on Enforced or Involuntary Disappearances, a case must only be included in the statistics of the State under whose jurisdiction the person was deprived of liberty or last seen. These conditions are not met in the cases mentioned with regard to the State of El Salvador, since those persons were not under the jurisdiction of the Salvadoran State at the time of their alleged deprivation of liberty or when they were last seen.

Consistent with the above, the State respectfully requests the Working Group to exclude the cases of (...) from the statistics and from any records pertaining to El Salvador.

Finally, El Salvador reiterates its commitment to complying with its international human rights obligations, including the prevention of enforced disappearances, in accordance with Human Rights Council Resolution 7/12. To this end, it confirms that it has a solid institutional framework and domestic regulations that constitute a framework for the protection and guarantee of the rights of persons deprived of liberty, regardless of their nationality.

[…]

3

**Report on Enforced or Involuntary Disappearances**

---

**El Salvador**

| | |
|---:|:---|
| **Case No:** | ███████ |
| SURNAME(S): | ██████████████ |
| Name(s): | ████████████ |
| Date of transmission: | **March 26, 2025** |
| Case solved: | **No** |

Country(ies) in copy: United States of America, Venezuela (Bolivarian Republic of)

## I. Identity details of the person

SURNAME(S): ███████████          Name(s): ███████

Gender:        Male

Nationality:   Venezuela (Bolivarian Republic of)

Identity:      IDENTITY CARD          Date:                    No.: ███████

Place:                                          Country:  El Salvador

## II.1 Date when the person was last seen                    **March 26, 2025**

## III.1 Place where the person was last seen

City:          El Valle                                District:

Province:      Texas                                  Country:  United States of America

## VI. Complainant(s)

Confidential                                          Date:  March 23, 2025

## VII. Other elements of the complaint

---

**Session:      136**

**INFORMATION FROM THE SOURCE**                        Date:   March 23, 2025

**Report on Enforced or Involuntary Disappearances**

4

**El Salvador**      **10015289**

**Report on Enforced or Involuntary Disappearances**

Mr. ████████████████, a Venezuelan national and holder of "A" Number ████████, was in the custody of ICE in El Valle, Texas when he was allegedly deported from the United States of America to El Salvador, as part of the mass deportations that took place since March 15, 2025. Persons associated with Mr. ████████ stated that his name disappeared from the United States' ICE Online Detainee Locator System on the same day.

It has been reported that persons associated with Mr. ████████ spoke with him on the morning of March 15, 2025, when he told them that immigration agents had informed him that he would be deported "soon."

On March 21, 2025, persons associated with Mr. ████████ identified his name on a list of persons allegedly deported from the United States of America to El Salvador, which was published by a local media outlet.
However, according to the information received, to date, neither the Government of El Salvador nor the Government of the United States has published official information on the list of deported persons or their current place of detention.

At the time of this communication, the fate and whereabouts of Mr. ████████ remain unknown.

Sent to the Government:  March 26, 2025

**Session:    136**

**INFORMATION FROM THE GOVERNMENT**                    Date:  April 03, 2025

5

**Report on Enforced or Involuntary Disappearances**

According to information received from the Government of El Salvador:

"The State of El Salvador herewith wishes to refer to the communications from the Working Group on Enforced or Involuntary Disappearances with reference G/SO/217/1/SLV (...) which state that the aforementioned Group has received information on "alleged enforced disappearances in El Salvador, in the context of mass deportations carried out between the Government of the United States of America and El Salvador" (...).

The Salvadoran State has conducted a detailed analysis of the claims presented in the communications sent by the Working Group, which indicate that the persons mentioned: i) were in the custody of the United States Immigration and Customs Enforcement (ICE); ii) were allegedly deported to El Salvador on March 15, 2025; iii) ceased to appear in ICE's Online Detainee Locator System as of that date; iv) were identified on a list of deportees published by a local media outlet1; and v) their fate and whereabouts are unknown.

In response to the above, the State of El Salvador provides its response to these communications, presenting its observations and specific requests for the due attention of the Working Group.

1. On the lack of grounds for the request for information from the State of El Salvador.

The Salvadoran State emphatically states that its authorities have not arrested, detained, or transferred the persons referred to in the communications of the Working Group. The actions of the State of El Salvador have been limited to the implementation of a bilateral cooperation mechanism with another State, through which it has facilitated the use of the Salvadoran prison infrastructure for the custody of persons detained within the scope of the justice system and law enforcement of that other State. In this context, the jurisdiction and legal responsibility for these persons lie exclusively with the competent foreign authorities, by virtue of international agreements signed and in accordance with the principles of sovereignty and international cooperation in criminal matters.

In this regard, the actions attributable to the Salvadoran State are limited to its sovereignty and territorial jurisdiction, and therefore it cannot be held responsible for the failure to observe the principle of non-refoulement with respect to the persons mentioned.

2. On the absence of elements constituting enforced disappearance attributable to the State of El Salvador.

In this regard, the State of El Salvador emphasizes that the allegations presented do not attribute any direct action to the Salvadoran State that meets the definition of enforced disappearance under international law and the working methods of the Working Group.

The definition of enforced disappearance, as established in the International Convention for the Protection of All Persons from Enforced Disappearance, the Inter-American Convention on Enforced Disappearance of Persons, the Rome Statute, and the jurisprudence of regional human rights systems, requires the concurrence of specific elements: deprivation of liberty by state agents or persons acting with their acquiescence, followed by a refusal to acknowledge that deprivation of liberty or to reveal the person's whereabouts, whereas in the present case, the claims are based on the alleged disappearance of the persons indicated, derived from the absence of their names in a system administered by a foreign authority—the United States Immigration and Customs Enforcement—and in a publication by a non-official media outlet whose operations are not registered in El Salvador.

The Working Methods of the Working Group on Enforced or Involuntary Disappearances require that communications specify the measures taken by relatives or representatives to determine the person's whereabouts, including the exhaustion of domestic remedies. It should be noted that the claims presented do not meet this requirement. Consequently, failure to comply with the decisions or information mechanisms of foreign authorities cannot be attributed to the State of El Salvador, nor does it constitute a valid basis for the Working Group to request information from it.

3. On the proper registration of these cases by the Working Group on Enforced Disappearances.

In response to the Working Group's statement that these cases are only included in the statistics of the Government of El Salvador, the State notes that, according to the Working Methods of the Working Group on Enforced or Involuntary Disappearances, a case must only be included in the statistics of the State under whose jurisdiction the person was deprived of liberty or last seen. These conditions are not met in the cases mentioned with regard to the State of El Salvador, since those persons were not under the jurisdiction of the Salvadoran State at the time of their alleged deprivation of liberty or when they were last seen.

Consistent with the above, the State respectfully requests the Working Group to exclude the cases of (...) from the statistics and from any records pertaining to El Salvador.

Finally, El Salvador reiterates its commitment to complying with its international human rights obligations, including the prevention of enforced disappearances, in accordance with Human Rights Council Resolution 7/12. To this end, it confirms that it has a solid institutional framework and domestic regulations that constitute a framework for the protection and guarantee of the rights of persons deprived of liberty, regardless of their nationality.

[…]

6

**El Salvador**

|  |  |
|---|---|
| **Case No:** | ████████ |
| SURNAME(S): | ████████████ |
| Name(s): | ███████ |
| Date of transmission: | **April 16, 2025** |
| Case solved: | **No** |

Country(ies) in copy: United States of America, Venezuela (Bolivarian Republic of)

## I. Identity details of the person

SURNAME(S):     ██████████          Name(s):  ███████

Gender:          Male

Nationality:     Venezuela (Bolivarian Republic of)

Identity:        IDENTITY CARD        Date:              No.: ████████

Place:                                Country:  El Salvador

## II.1 Date when the person was last seen                    **March 26, 2025**

## III.1 Place where the person was last seen

City:          El Valle                      District:

Province:      Texas                        Country:  United States of America

## VI. Complainant(s)

Confidential                                Date:  March 23, 2025

## VII. Other elements of the complaint

**Session:     136**

**INFORMATION FROM THE SOURCE**                Date:    March 23, 2025

Mr. █████████████████, a Venezuelan national and holder of "A" Number ███████████, was in the custody of ICE in El Valle, Texas since December 2024 when he was allegedly deported from the United States of America to El Salvador, as part of the mass deportations that took place since March 15, 2025. Persons associated with Mr. ████████ stated that his name disappeared from the United States' ICE Online Detainee Locator System on the same day.

On March 21, 2025, persons associated with Mr. ██████████ identified his name on a list of persons allegedly deported from the United States of America to El Salvador, which was published by a local media outlet.

However, according to the information received, to date, neither the Government of El Salvador nor the Government of the United States has published official information on the list of deported persons or their current place of detention.

At the time of this communication, the fate and whereabouts of Mr. ████████████ remain unknown.

**Report on Enforced or Involuntary Disappearances**

7

**El Salvador**    **10015290**

**Report on Enforced or Involuntary Disappearances**

Sent to the Government:  April 16, 2025

**Session:**    **136**

**INFORMATION FROM THE GOVERNMENT**                     Date:  April 03, 2025

**Report on Enforced or Involuntary Disappearances**

According to information received from the Government of El Salvador:

"The State of El Salvador herewith wishes to refer to the communications from the Working Group on Enforced or Involuntary Disappearances with reference G/SO/217/1/SLV (...) which state that the aforementioned Group has received information on "alleged enforced disappearances in El Salvador, in the context of mass deportations carried out between the Government of the United States of America and El Salvador" (...).

The Salvadoran State has conducted a detailed analysis of the claims presented in the communications sent by the Working Group, which indicate that the persons mentioned: i) were in the custody of the United States Immigration and Customs Enforcement (ICE); ii) were allegedly deported to El Salvador on March 15, 2025; iii) ceased to appear in ICE's Online Detainee Locator System as of that date; iv) were identified on a list of deportees published by a local media outlet1; and v) their fate and whereabouts are unknown.

In response to the above, the State of El Salvador provides its response to these communications, presenting its observations and specific requests for the due attention of the Working Group.

1. On the lack of grounds for the request for information from the State of El Salvador.

The Salvadoran State emphatically states that its authorities have not arrested, detained, or transferred the persons referred to in the communications of the Working Group. The actions of the State of El Salvador have been limited to the implementation of a bilateral cooperation mechanism with another State, through which it has facilitated the use of the Salvadoran prison infrastructure for the custody of persons detained within the scope of the justice system and law enforcement of that other State. In this context, the jurisdiction and legal responsibility for these persons lie exclusively with the competent foreign authorities, by virtue of international agreements signed and in accordance with the principles of sovereignty and international cooperation in criminal matters.

In this regard, the actions attributable to the Salvadoran State are limited to its sovereignty and territorial jurisdiction, and therefore it cannot be held responsible for the failure to observe the principle of non-refoulement with respect to the persons mentioned.

2. On the absence of elements constituting enforced disappearance attributable to the State of El Salvador.

In this regard, the State of El Salvador emphasizes that the allegations presented do not attribute any direct action to the Salvadoran State that meets the definition of enforced disappearance under international law and the working methods of the Working Group.

The definition of enforced disappearance, as established in the International Convention for the Protection of All Persons from Enforced Disappearance, the Inter-American Convention on Enforced Disappearance of Persons, the Rome Statute, and the jurisprudence of regional human rights systems, requires the concurrence of specific elements: deprivation of liberty by state agents or persons acting with their acquiescence, followed by a refusal to acknowledge that deprivation of liberty or to reveal the person's whereabouts, whereas in the present case, the claims are based on the alleged disappearance of the persons indicated, derived from the absence of their names in a system administered by a foreign authority—the United States Immigration and Customs Enforcement—and in a publication by a non-official media outlet whose operations are not registered in El Salvador.

The Working Methods of the Working Group on Enforced or Involuntary Disappearances require that communications specify the measures taken by relatives or representatives to determine the person's whereabouts, including the exhaustion of domestic remedies. It should be noted that the claims presented do not meet this requirement. Consequently, failure to comply with the decisions or information mechanisms of foreign authorities cannot be attributed to the State of El Salvador, nor does it constitute a valid basis for the Working Group to request information from it.

3. On the proper registration of these cases by the Working Group on Enforced Disappearances.

In response to the Working Group's statement that these cases are only included in the statistics of the Government of El Salvador, the State notes that, according to the Working Methods of the Working Group on Enforced or Involuntary Disappearances, a case must only be included in the statistics of the State under whose jurisdiction the person was deprived of liberty or last seen. These conditions are not met in the cases mentioned with regard to the State of El Salvador, since those persons were not under the jurisdiction of the Salvadoran State at the time of their alleged deprivation of liberty or when they were last seen.

Consistent with the above, the State respectfully requests the Working Group to exclude the cases of (...) from the statistics and from any records pertaining to El Salvador.

Finally, El Salvador reiterates its commitment to complying with its international human rights obligations, including the prevention of enforced disappearances, in accordance with Human Rights Council Resolution 7/12. To this end, it confirms that it has a solid institutional framework and domestic regulations that constitute a framework for the protection and guarantee of the rights of persons deprived of liberty, regardless of their nationality.

[…]

9

**Report on Enforced or Involuntary Disappearances**

---

**El Salvador**

|  |  |
|---|---|
| **Case No:** | ███████ |
| SURNAME(S): | █████████ |
| Name(s): | ████████ |
| Date of transmission: | **April 16, 2025** |
| Case solved: | **No** |

Country(ies) in copy: United States of America, Venezuela (Bolivarian Republic of)

## I. Identity details of the person

SURNAME(S):    ████████                    Name(s):    ███████

Gender:    Male

Age:                                        Date of birth:    ██████

Parents:    ████████████████

Nationality:    Venezuela (Bolivarian Republic of)

Civil status:    ████

Residence:    █████████████████

Identity:    IDENTITY CARD        Date:            No.:  ██████

Place:                            Country:  El Salvador

## II.1 Date that the person was detained                    **March 2024**

## III.1 Place where the person was detained

Province:                            Country:  United States of America

## II.2 Date when the person was last seen                    **March 15, 2025**

## III.2 Place where the person was last seen

Place:        Webb County Detention Center

City:        Laredo                        District:

Province:    Texas                        Country:  United States of America

## V. Procedures carried out

INVESTIGATIONS IN        Date:    ████

Place:    ██████████████

**Report on Enforced or Involuntary Disappearances**

Report

Date: █████████

Place: ████████████████████████████

10

**El Salvador**     **10015365**

11

**Report on Enforced or Involuntary Disappearances**

## VI. Complainant(s)

Confidential                                        Date:    April 08, 2025

## VII.  Other elements of the report

**Session:**    **136**

**INFORMATION FROM THE GOVERNMENT**              Date:  April 03, 2025

According to information received from the Government of El Salvador:

"The State of El Salvador herewith wishes to refer to the communications from the Working Group on Enforced or Involuntary Disappearances with reference G/SO/217/1/SLV (...) which state that the aforementioned Group has received information on "alleged enforced disappearances in El Salvador, in the context of mass deportations carried out between the Government of the United States of America and El Salvador" (...).

The Salvadoran State has conducted a detailed analysis of the claims presented in the communications sent by the Working Group, which indicate that the persons mentioned: i) were in the custody of the United States Immigration and Customs Enforcement (ICE); ii) were allegedly deported to El Salvador on March 15, 2025; iii) ceased to appear in ICE's Online Detainee Locator System as of that date; iv) were identified on a list of deportees published by a local media outlet1; and v) their fate and whereabouts are unknown.

In response to the above, the State of El Salvador states that it has responded to previous communications from the Working Group on alleged disappearances of persons of Venezuelan nationality, in particular through Note B1592025, dated April 3 of this year, which pointed out the lack of grounds for requesting information from the State of El Salvador, as well as the lack of elements that would constitute an enforced disappearance attributable to the State of El Salvador. It therefore requested that the cases be excluded from El Salvador's statistics, in accordance with the working methods of the Working Group on Enforced or Involuntary Disappearances, since those persons were not under the jurisdiction of the Salvadoran State at the time of their alleged deprivation of liberty or when they were last seen.

In response to the above, the State of El Salvador states that it has responded to previous communications from the Working Group on alleged disappearances of persons of Venezuelan nationality, in particular through Note B1592025, dated April 3 of this year, which pointed out the lack of grounds for requesting information from the State of El Salvador, as well as the lack of elements that would constitute an enforced disappearance attributable to the State of El Salvador. It therefore requested that the cases be excluded from El Salvador's statistics, in accordance with the working methods of the Working Group on Enforced or Involuntary Disappearances, since those persons were not under the jurisdiction of the Salvadoran State at the time of their alleged deprivation of liberty or when they were last seen.

The State reiterates each of the terms of its previous communication, in particular that:

i its authorities have not arrested, detained, or transferred the persons referred to in the Working Group's communications.

ii the actions of the State of El Salvador have been limited to the implementation of a bilateral cooperation mechanism on prison matters with another State,

iii it has only facilitated the use of Salvadoran prison infrastructure for the reception and custody of persons detained within the scope of the justice system and law enforcement of another State,

iv the jurisdiction and legal responsibility for these persons lie exclusively with the competent foreign authorities, by virtue of international agreements signed and in accordance with the principles of sovereignty and international cooperation in criminal matters,

v the actions attributable to the Salvadoran State are limited to its sovereignty and territorial jurisdiction,

vi the claims presented do not attribute any direct action to the Salvadoran State that meets the definition of enforced disappearance under international law and the working methods of the Working Group, vii) there are no valid grounds for the Working Group to request information from El Salvador, and

vii El Salvador is committed to complying with its international human rights obligations, including the prevention of enforced disappearances, in accordance with Human Rights Council Resolution 7/12. To this end, it confirms that it has a solid institutional framework and domestic regulations that constitute a framework for the protection and guarantee of the rights of persons deprived of liberty, regardless of their nationality.

Consequently, it REQUESTS the Working Group on Enforced Disappearances to:

1. Consider the response of the State of El Salvador to communication G/SO/217/1/SLV dated April 16, 2025, as having been submitted.

2.    Exclude from the statistics and any records pertaining to El Salvador the cases referred to in the communication, as their registration does not comply with the provisions of the Working Methods of the Working Group on Enforced or Involuntary Disappearances, which state that a case must only be included in the statistics of the State under whose jurisdiction the person was deprived of liberty or last seen, conditions that are not met in the cases mentioned with regard to the Salvadoran State at the time of their alleged deprivation of liberty or when they were last seen."

**Session:    136**

**INFORMATION FROM THE SOURCE**                    Date:  April 08, 2025

**Report on Enforced or Involuntary Disappearances**

Mr.███████████████████████ (identified as Mr.███████████████████ in U.S. immigration records), a Venezuelan national and holder of identity card number ███████, was in custody at the Webb County Detention Center (Laredo, Texas) when he was allegedly deported from the United States of America to El Salvador as part of the mass deportations that have taken place since March 15, 2025.

Mr.█████████████ had been in custody at the Moshannon Valley Processing Center (Philipsburg, Pennsylvania) since May 2024. A judge ordered his removal on December 2, 2024. He was subsequently transferred to a detention center in El Paso, Texas, and on March 10, 2025, he was transferred to the Webb County Detention Center.

On March 14, 2025, Immigration and Customs Enforcement (ICE) officials reportedly informed Mr.█████████████ that he would be removed from the center. Persons associated with Mr.█████████████ claim that after this date, they were unable to find his information on the ICE Online Detainee Locator System, implying that Mr.████████ had been released or deported.

On March 15, 2024, it was reported that the bus transporting Mr.█████████████ broke down and he was returned to the Webb County Detention Center. Mr.████████ informed persons associated with him that his departure had been rescheduled for around 3 p.m. Central Time.

Since this call, persons associated with Mr.█████████████ have been unable to contact him. Furthermore, persons associated with him have requested assistance from his congressional representative's office. According to the information received, the congressional office has requested information from the U.S. Department of Homeland Security and is awaiting a response. In addition, persons associated with him have █████████████████████████████████████████████████.

At the time of this communication, the fate and whereabouts of Mr.█████████████ remain unknown.

Sent to the Government:  April 16, 2025

13



**Capital Linguists LLC.**   **Tel:** 833-888-6588   **Email:** info@capitallinguists.com
https://capitallinguists.com   **Address:** 8158 Front Street, Derwood, MD 20855, USA.

# Certification of Translation Accuracy

Translation of "**Report on Enforced or Involuntary Disappearances**" from **Spanish** to **English**.

We, Capital Linguists LLC, a professional translation company, hereby certify that the above-mentioned document(s) has (have) been translated by experienced and qualified professional translators and that, in our best judgment, the translated text truly reflects the content, meaning, and style of the original text and constitutes in every respect a correct and true translation of the original document.

This is to certify the correctness of the translation only. We do not guarantee that the original is a genuine document, or that the statements contained in the original document are true. Furthermore, Capital Linguists LLC assumes no liability for the way in which the translation is used by the customer or any third party, including end users of the translation.

I declare under penalty of perjury that the foregoing is true and correct.

A copy of the translation is attached to this certification.

**Signature:**

Bruno Cardoso, Project Manager

Capital Linguists LLC
Dated: July 3, 2025



**Report on Enforced or Involuntary Disappearances**

---

**El Salvador**

| | |
|---:|:---|
| **Caso No:** | ███████ |
| APELLIDO(S): | ████████████ |
| Nombre(s): | ██████████ |
| Fecha de transmisión: | **26-mar.-2025** |
| Caso aclarado: | **No** |
| País en copia: | Estados Unidos de América, Venezuela (República Bolivariana de) |

## I. Datos de identidad de la persona

| | | | |
|---|---|---|---|
| APELLIDO(S): | ██████████ | Nombre(s): | ████████ |
| Sexo: | Masculino | | |
| Nacionalidad: | Venezuela (República Bolivariana de) | | |

## II.1 Fecha en que la persona fue vista por ultima vez          **26-mar.-2025**

## III.1 Luguar en que la persona fue vista por ultima vez

| | | | |
|---|---|---|---|
| Ciudad: | Arizona | Distrito: | |
| Provincia: | | País: | Estados Unidos de América |
| Medio de | | Tomado / Visto: | CENTRO DE DETENCION |

## VI. Denunciantes(s)

| | | |
|---|---|---|
| Confidential | Fecha: | 23-mar.-2025 |
| Confidential | Fecha: | 26-mar.-2025 |

## VII. Otros elementos de la denuncia

---

**Sesión:      136**

**INFORMACIÓN DE LA FUENTE**                    Fecha:   23-mar.-2025



**Report on Enforced or Involuntary Disappearances**

El Sr. ███████████████████, nacional de Venezuela y titular del número de no-ciudadano de los Estados Unidos ("Número A") ███████████, se encontraba bajo custodia del Immigration Customs Enforcement (ICE) en Arizona cuando fue presuntamente deportado de los Estados Unidos de América a El Salvador, como parte de las deportaciones masivas que tuvieron lugar desde el 15 de marzo de 2025.

Personas asociadas con el Sr. ████████████████ afirmaron que su nombre dejó de aparecer en el Sistema de Localización de Detenidos en Línea del Servicio de ICE de los Estados Unidos desde ese día.

El 21 de marzo de 2025, personas asociadas con el Sr. ████████████████ identificaron su nombre en una lista de personas presuntamente deportadas de los Estados Unidos de América a El Salvador publicada por un medio de comunicación local.  Sin embargo, según la información recibida, hasta la fecha, ni el Gobierno de El Salvador ni el Gobierno de los Estados Unidos no ha publicado información oficial sobre la lista de personas deportadas ni su actual lugar de detención.

Al momento de la presente comunicación, la suerte y paradero del Sr. ████████████████ siguen siendo desconocidos.

Enviado al Gobierno:   26-mar.-2025

**Sesión:**      **136**

**INFORMACIÓN DEL GOBIERNO**                              Fecha:   03-abr.-2025

2


Según información recibida por el Gobierno de El Salvador:

"El Estado de El Salvador atentamente se refiere a las comunicaciones del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias con referencia G/SO/217/1/SLV (…) por medio de las cuales se comunica que el citado Grupo ha recibido información sobre "presuntas desapariciones forzadas en El Salvador, en el marco de deportaciones masivas llevadas a cabo entre el Gobierno de los Estados Unidos de América y El Salvador" (…).

El Estado salvadoreño ha analizado detenidamente las alegaciones presentadas en las comunicaciones que han sido remitidas por el Grupo de Trabajo, las cuales señalan que las personas mencionadas: i) se encontraban bajo custodia del Servicio de Inmigración y Control de Aduanas de los Estados Unidos (ICE -por sus siglas en inglés-); ii) fueron presuntamente deportadas a El Salvador el 15 de marzo de 2025; iii) dejaron de aparecer en el sistema de localización de detenidos en línea del ICE desde aquella fecha; iv) fueron identificadas en una lista de deportados publicada por un medio de comunicación local1; y v) su suerte y paradero son desconocidos.

En atención a lo anterior, el Estado de El Salvador brinda su repuesta a estas comunicaciones, sobre las que presenta sus observaciones y solicitudes específicas para la debida atención del Grupo de Trabajo.

1. Sobre la ausencia de fundamentos para el requerimiento de información al Estado de El Salvador.

El Estado salvadoreño es enfático en señalar que sus autoridades no han realizado arrestos, detenciones, ni traslados de las personas referidas en las comunicaciones del Grupo de Trabajo. La actuación del Estado de El Salvador se ha circunscrito a la implementación de un mecanismo de cooperación bilateral con otro Estado, mediante el cual se ha facilitado el uso de infraestructura penitenciaria salvadoreña para la custodia de personas detenidas en el marco del sistema de justicia y aplicación de la ley de ese otro Estado. En este contexto, la jurisdicción y la responsabilidad legal sobre dichas personas recaen exclusivamente en las autoridades extranjeras competentes, en virtud de acuerdos internacionales suscritos y en conformidad con los principios de soberanía y cooperación internacional en materia penal.

En ese sentido, las acciones atribuibles al Estado salvadoreño se circunscriben a su soberanía y jurisdicción territorial, por lo que tampoco le es atribuible la inobservancia del principio de no devolución (non-refoulement) respecto de las personas mencionadas.

2. Sobre la ausencia de elementos que configuren una desaparición forzada atribuible al Estado de El Salvador

Al respecto, el Estado de El Salvador subraya que las alegaciones presentadas no atribuyen ninguna acción directa al Estado salvadoreño que se ajuste a la definición de desaparición forzada conforme al derecho internacional y a los métodos de trabajo del Grupo de Trabajo.

La definición de desaparición forzada, tal como se establece en la Convención Internacional para la Protección de Todas las Personas contra las Desapariciones Forzadas, la Convención Interamericana sobre Desaparición Forzada de Personas, el Estatuto de Roma y la jurisprudencia de los sistemas regionales de derechos humanos, exige la concurrencia de elementos específicos: privación de libertad por agentes estatales o personas que actúan con su aquiescencia, seguida de la negativa a reconocer dicha privación o revelar el paradero de la persona, siendo que en el presente caso, las alegaciones se basan en la supuesta desaparición de las personas señaladas, derivada de la aparición de sus nombres en un sistema que es administrado por una autoridad extranjera - Servicio de Inmigración y Control de Aduanas de los Estados Unidos- y en una publicación de un medio de comunicación no oficial, cuyas operaciones no están registradas en El Salvador.

Los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias exigen que las comunicaciones especifiquen las medidas adoptadas por los familiares o representantes para determinar el paradero de la persona, incluyendo el agotamiento de recursos internos. Cabe destacar que las alegaciones presentadas no cumplen con este requisito. En consecuencia, la inconformidad con decisiones o mecanismos de información de autoridades extranjeras no puede atribuirse al Estado de El Salvador ni constituye un fundamento válido para que el Grupo de Trabajo le requiera información.

3. Sobre el debido registro de estos casos por el Grupo de Trabajo sobre la Desaparición Forzada

En atención a lo comunicado por el Grupo de Trabajo, sobre que estos casos sólo se contabilizan en las estadísticas del Gobierno de El Salvador, el Estado advierte que según estipulan los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias, un caso solo debe figurar en las estadísticas del Estado bajo cuya jurisdicción la persona fue privada de libertad o vista por última vez, condiciones que no se cumplen en los casos mencionados en lo que respecta al Estado de El Salvador, ya que dichas personas no se encontraban bajo la jurisdicción del Estado salvadoreño al momento de su presunta privación de libertad o última vez que fueron vistas.

En coherencia y por las razones expuestas, el Estado solicita respetuosamente al Grupo de Trabajo la exclusión de los casos de (….) de las estadísticas y de cualquier registro correspondiente a El Salvador.

Finalmente, El Salvador reitera su compromiso con el cumplimiento de sus obligaciones internacionales en materia de derechos humanos, incluyendo la prevención de desapariciones forzadas, conforme a la Resolución 7/12 del Consejo de Derechos Humanos, para lo cual confirma que cuenta con una institucionalidad sólida y con regulaciones en su derecho interno que constituyen un marco de protección y de garantía para los derechos de las personas privadas de libertad, con independencia de su nacionalidad.

[…]

**Report on Enforced or Involuntary Disappearances**

---

**El Salvador**

| | |
|---|---|
| **Caso No:** | ███████ |
| APELLIDO(S): | ████████████ |
| Nombre(s): | ██████████ |
| Fecha de transmisión: | **26-mar.-2025** |
| Caso aclarado: | **No** |
| País en copia: | Estados Unidos de América, Venezuela (República Bolivariana de) |

### I. Datos de identidad de la persona

| | | | |
|---|---|---|---|
| APELLIDO(S): | ██████████████ | Nombre(s): | ████████████ |
| Sexo: | Masculino | | |
| Nacionalidad: | Venezuela (República Bolivariana de) | | |
| Identidad: | CEDULA DE IDENTIDAD    Fecha: | No.: | ██████████ |
| | Lugar: | País: | El Salvador |

### II.1 Fecha en que la persona fue vista por ultima vez                **26-mar.-2025**

### III.1 Luguar en que la persona fue vista por ultima vez

| | | | |
|---|---|---|---|
| Ciudad: | El Valle | Distrito: | |
| Provincia: | Texas | País: | Estados Unidos de América |

### VI. Denunciantes(s)

Confidential                                                    Fecha:  23-mar.-2025

### VII. Otros elementos de la denuncia

---

**Sesión:**      136

**INFORMACIÓN DE LA FUENTE**                              Fecha:   23-mar.-2025

---

4



**Report on Enforced or Involuntary Disappearances**

El Sr. ████████████████, nacional de Venezuela y titular del número "A" ██████████ se encontraba bajo custodia del ICE en El Valle, Texas, cuando presuntamente fue deportado de los Estados Unidos de América a El Salvador, como parte de las deportaciones masivas que tuvieron lugar desde el 15 de marzo de 2025. Personas asociadas con el Sr. ████ afirmaron que su nombre dejó de aparecer en el Sistema de Localización de Detenidos en Línea del ICE de los Estados Unidos ese mismo día.

Se ha informado que personas asociadas con el Sr. ████████████ hablaron con él la mañana del 15 de marzo de 2025, cuando él les indicó que agentes de inmigración le informaron que sería deportado "pronto".

El 21 de marzo de 2025, personas asociadas con el Sr. ████████████ identificaron su nombre en una lista de personas presuntamente deportadas de los Estados Unidos de América a El Salvador publicada por un medio de comunicación local. Sin embargo, según la información recibida, hasta la fecha, ni el Gobierno de El Salvador ni el Gobierno de los Estados Unidos no ha publicado información oficial sobre la lista de personas deportadas ni su actual lugar de detención.

Al momento de la presente comunicación, la suerte y el paradero del Sr. ████████████████ siguen siendo desconocidos.

Enviado al Gobierno:   26-mar.-2025

**Sesión:    136**

**INFORMACIÓN DEL GOBIERNO**                              Fecha:   03-abr.-2025

5

**Report on Enforced or Involuntary Disappearances** 

Según información recibida por el Gobierno de El Salvador:

"El Estado de El Salvador atentamente se refiere a las comunicaciones del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias con referencia G/SO/217/1/SLV (…) por medio de las cuales se comunica que el citado Grupo ha recibido información sobre "presuntas desapariciones forzadas en El Salvador, en el marco de deportaciones masivas llevadas a cabo entre el Gobierno de los Estados Unidos de América y El Salvador" (…).

 El Estado salvadoreño ha analizado detenidamente las alegaciones presentadas en las comunicaciones que han sido remitidas por el Grupo de Trabajo, las cuales señalan que las personas mencionadas: i) se encontraban bajo custodia del Servicio de Inmigración y Control de Aduanas de los Estados Unidos (ICE -por sus siglas en inglés-); ii) fueron presuntamente deportadas a El Salvador el 15 de marzo de 2025; iii) dejaron de aparecer en el sistema de localización de detenidos en línea del ICE desde aquella fecha; iv) fueron identificadas en una lista de deportados publicada por un medio de comunicación local1; y v) su suerte y paradero son desconocidos.

En atención a lo anterior, el Estado de El Salvador brinda su repuesta a estas comunicaciones, sobre las que presenta sus observaciones y solicitudes específicas para la debida atención del Grupo de Trabajo.

1. Sobre la ausencia de fundamentos para el requerimiento de información al Estado de El Salvador.

El Estado salvadoreño es enfático en señalar que sus autoridades no han realizado arrestos, detenciones, ni traslados de las personas referidas en las comunicaciones del Grupo de Trabajo. La actuación del Estado de El Salvador se ha circunscrito a la implementación de un mecanismo de cooperación bilateral con otro Estado, mediante el cual se ha facilitado el uso de infraestructura penitenciaria salvadoreña para la custodia de personas detenidas en el marco del sistema de justicia y aplicación de la ley de ese otro Estado. En este contexto, la jurisdicción y la responsabilidad legal sobre dichas personas recaen exclusivamente en las autoridades extranjeras competentes, en virtud de acuerdos internacionales suscritos y en conformidad con los principios de soberanía y cooperación internacional en materia penal.

En ese sentido, las acciones atribuibles al Estado salvadoreño se circunscriben a su soberanía y jurisdicción territorial, por lo que tampoco le es atribuible la inobservancia del principio de no devolución (non-refoulement) respecto de las personas mencionadas.

2. Sobre la ausencia de elementos que configuren una desaparición forzada atribuible al Estado de El Salvador

Al respecto, el Estado de El Salvador subraya que las alegaciones presentadas no atribuyen ninguna acción directa al Estado salvadoreño que se ajuste a la definición de desaparición forzada conforme al derecho internacional y a los métodos de trabajo del Grupo de Trabajo.

La definición de desaparición forzada, tal como se establece en la Convención Internacional para la Protección de Todas las Personas contra las Desapariciones Forzadas, la Convención Interamericana sobre Desaparición Forzada de Personas, el Estatuto de Roma y la jurisprudencia de los sistemas regionales de derechos humanos, exige la concurrencia de elementos específicos: privación de libertad por agentes estatales o personas que actúan con su aquiescencia, seguida de la negativa a reconocer dicha privación o revelar el paradero de la persona, siendo que en el presente caso, las alegaciones se basan en la supuesta desaparición de las personas señaladas, derivada de la ausencia de sus nombres en un sistema que es administrado por una autoridad extranjera - Servicio de Inmigración y Control de Aduanas de los Estados Unidos- y en una publicación de un medio de comunicación no oficial, cuyas operaciones no están registradas en El Salvador.

Los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias exigen que las comunicaciones especifiquen las medidas adoptadas por los familiares o representantes para determinar el paradero de la persona, incluyendo el agotamiento de recursos internos. Cabe destacar que las alegaciones presentadas no cumplen con este requisito. En consecuencia, la inconformidad con decisiones o mecanismos de información de autoridades extranjeras no puede atribuirse al Estado de El Salvador ni constituye un fundamento válido para que el Grupo de Trabajo le requiera información.

3. Sobre el debido registro de estos casos por el Grupo de Trabajo sobre la Desaparición Forzada

En atención a lo comunicado por el Grupo de Trabajo, sobre que estos casos sólo se contabilizan en las estadísticas del Gobierno de El Salvador, el Estado advierte que según estipulan los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias, un caso solo debe figurar en las estadísticas del Estado bajo cuya jurisdicción la persona fue privada de libertad o vista por última vez, condiciones que no se cumplen en los casos que respecta al Estado de El Salvador, ya que dichas personas no se encontraban bajo la jurisdicción del Estado salvadoreño al momento de su presunta privación de libertad o última vez que fueron vistas.

En coherencia y por las razones expuestas, el Estado solicita respetuosamente al Grupo de Trabajo la exclusión de los casos de (….) de las estadísticas y de cualquier registro correspondiente a El Salvador.

Finalmente, El Salvador reitera su compromiso con el cumplimiento de sus obligaciones internacionales en materia de derechos humanos, incluyendo la prevención de desapariciones forzadas, conforme a la Resolución 7/12 del Consejo de Derechos Humanos, para lo cual confirma que cuenta con una institucionalidad sólida y con regulaciones en su derecho interno que constituyen un marco de protección y de garantía para los derechos de las personas privadas de libertad, con independencia de su nacionalidad.

[…]

6

**Report on Enforced or Involuntary Disappearances**



## El Salvador

| | |
|---|---|
| **Caso No:** | ████████ |
| APELLIDO(S): | ████████ |
| Nombre(s): | ████████ |
| Fecha de transmisión: | **16-abr.-2025** |
| Caso aclarado: | **No** |
| País en copia: | Estados Unidos de América, Venezuela (República Bolivariana de) |

### I. Datos de identidad de la persona

| | | | |
|---|---|---|---|
| APELLIDO(S): | ████████ | Nombre(s): | ████████ |
| Sexo: | Masculino | | |
| Nacionalidad: | Venezuela (República Bolivariana de) | | |
| Identidad: | CEDULA DE IDENTIDAD    Fecha: | No.: | ████████ |
| | Lugar: | País: | El Salvador |

### II.1 Fecha en que la persona fue vista por ultima vez          **26-mar.-2025**

### III.1 Luguar en que la persona fue vista por ultima vez

| | | | |
|---|---|---|---|
| Ciudad: | El Valle | Distrito: | |
| Provincia: | Texas | País: | Estados Unidos de América |

### VI. Denunciantes(s)

Confidential                                                    Fecha:  23-mar.-2025

### VII. Otros elementos de la denuncia

**Sesión:     136**

**INFORMACIÓN DE LA FUENTE**                          Fecha:   23-mar.-2025

El Sr. ████████████████, nacional de Venezuela y titular del número "A" ████████, se encontraba bajo custodia del ICE en El Valle, Texas, desde diciembre de 2024, cuando presuntamente fue deportado de los Estados Unidos de América a El Salvador, como parte de las deportaciones masivas que tuvieron lugar desde el 15 de marzo de 2025. Personas asociadas con el Sr. ████████ afirmaron que su nombre dejó de aparecer en el Sistema de Localización de Detenidos en Línea del ICE de los Estados Unidos ese día.

El 21 de marzo de 2025, personas asociadas con el Sr. ████████ identificaron su nombre en una lista de personas presuntamente deportadas de los Estados Unidos de América a El Salvador publicada por un medio de comunicación local.

Sin embargo, según la información recibida, hasta la fecha, ni el Gobierno de El Salvador ni el Gobierno de los Estados Unidos no ha publicado información oficial sobre la lista de personas deportadas ni su actual lugar de detención.

Al momento de la presente comunicación, la suerte y el paradero del Sr. ████████ siguen siendo desconocidos.



**Report on Enforced or Involuntary Disappearances**



---

Enviado al Gobierno:   16-abr.-2025

**Sesión:**     **136**

**INFORMACIÓN DEL GOBIERNO**                    Fecha:   03-abr.-2025

---

8



**Report on Enforced or Involuntary Disappearances**

Según información recibida por el Gobierno de El Salvador:
"El Estado de El Salvador atentamente se refiere a las comunicaciones del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias con referencia G/SO/217/1/SLV (…) por medio de las cuales se comunica que el citado Grupo ha recibido información sobre "presuntas desapariciones forzadas en El Salvador, en el marco de deportaciones masivas llevadas a cabo entre el Gobierno de los Estados Unidos de América y El Salvador" (…).

 El Estado salvadoreño ha analizado detenidamente las alegaciones presentadas en las comunicaciones que han sido remitidas por el Grupo de Trabajo, las cuales señalan que las personas mencionadas: i) se encontraban bajo custodia del Servicio de Inmigración y Control de Aduanas de los Estados Unidos (ICE -por sus siglas en inglés-); ii) fueron presuntamente deportadas a El Salvador el 15 de marzo de 2025; iii) dejaron de aparecer en el sistema de localización de detenidos en línea del ICE desde aquella fecha; iv) fueron identificados en una lista de deportados publicada por un medio de comunicación local1; y v) su suerte y paradero son desconocidos.

En atención a lo anterior, el Estado de El Salvador brinda su repuesta a estas comunicaciones, sobre las que presenta sus observaciones y solicitudes específicas para la debida atención del Grupo de Trabajo.

1. Sobre la ausencia de fundamentos para el requerimiento de información al Estado de El Salvador.

El Estado salvadoreño es enfático en señalar que sus autoridades no han realizado arrestos, detenciones, ni traslados de las personas referidas en las comunicaciones del Grupo de Trabajo. La actuación del Estado de El Salvador se ha circunscrito a la implementación de un mecanismo de cooperación bilateral con otro Estado, mediante el cual se ha facilitado el uso de infraestructura penitenciaria salvadoreña para la custodia de personas detenidas en el marco del sistema de justicia y aplicación de la ley de ese otro Estado. En este contexto, la jurisdicción y la responsabilidad legal sobre dichas personas recaen exclusivamente en las autoridades extranjeras competentes, en virtud de acuerdos internacionales suscritos y en conformidad con los principios de soberanía y cooperación internacional en materia penal.

En ese sentido, las acciones atribuibles al Estado salvadoreño se circunscriben a su soberanía y jurisdicción territorial, por lo que tampoco le es atribuible la inobservancia del principio de no devolución (non-refoulement) respecto de las personas mencionadas.

2. Sobre la ausencia de elementos que configuren una desaparición forzada atribuible al Estado de El Salvador

Al respecto, el Estado de El Salvador subraya que las alegaciones presentadas no atribuyen ninguna acción directa al Estado salvadoreño que se ajuste a la definición de desaparición forzada conforme al derecho internacional y a los métodos de trabajo del Grupo de Trabajo.

La definición de desaparición forzada, tal como se establece en la Convención Internacional para la Protección de Todas las Personas contra las Desapariciones Forzadas, la Convención Interamericana sobre Desaparición Forzada de Personas, el Estatuto de Roma y la jurisprudencia de los sistemas regionales de derechos humanos, exige la concurrencia de elementos específicos: privación de libertad por agentes estatales o personas que actúan con su aquiescencia, seguida de la negativa a reconocer dicha privación o revelar el paradero de la persona, siendo que en el presente caso, las alegaciones se basan en la supuesta desaparición de las personas señaladas, derivada de la ausencia de sus nombres en un sistema que es administrado por una autoridad extranjera - Servicio de Inmigración y Control de Aduanas de los Estados Unidos- y en una publicación de un medio de comunicación no oficial, cuyas operaciones no están registradas en El Salvador.

Los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias exigen que las comunicaciones especifiquen las medidas adoptadas por los familiares o representantes para determinar el paradero de la persona, incluyendo el agotamiento de recursos internos. Cabe destacar que las alegaciones presentadas no cumplen con este requisito. En consecuencia, la inconformidad con decisiones o mecanismos de información de autoridades extranjeras no puede atribuirse al Estado de El Salvador ni constituye un fundamento válido para que el Grupo de Trabajo le requiera información.

3. Sobre el debido registro de estos casos por el Grupo de Trabajo sobre la Desaparición Forzada

En atención a lo comunicado por el Grupo de Trabajo, sobre que estos casos sólo se contabilizan en las estadísticas del Gobierno de El Salvador, el Estado advierte que según estipulan los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias, un caso solo debe figurar en las estadísticas del Estado bajo cuya jurisdicción la persona fue privada de libertad o vista por última vez, condiciones que no se cumplen en los casos mencionados en lo que respecta al Estado de El Salvador, ya que dichas personas no se encontraban bajo la jurisdicción del Estado salvadoreño al momento de su presunta privación de libertad o última vez que fueron vistas.

En coherencia y por las razones expuestas, el Estado solicita respetuosamente al Grupo de Trabajo la exclusión de los casos de (….) de las estadísticas y de cualquier registro correspondiente a El Salvador.

Finalmente, El Salvador reitera su compromiso con el cumplimiento de sus obligaciones internacionales en materia de derechos humanos, incluyendo la prevención de desapariciones forzadas, conforme a la Resolución 7/12 del Consejo de Derechos Humanos, para lo cual confirma que cuenta con una institucionalidad sólida y con regulaciones en su derecho interno que constituyen un marco de protección y de garantía para los derechos de las personas privadas de libertad, con independencia de su nacionalidad.

[…]

9

**Report on Enforced or Involuntary Disappearances**



**El Salvador**

|  |  |
|---|---|
| **Caso No:** | ████████ |
| APELLIDO(S): | ████████ |
| Nombre(s): | ████████ |
| Fecha de transmisión: | **16-abr.-2025** |
| Caso aclarado: | **No** |
| País en copia: | Estados Unidos de América, Venezuela (República Bolivariana de) |

## I. Datos de identidad de la persona

| APELLIDO(S): | ████████ | Nombre(s): | ████████ |
|---|---|---|---|

Sexo:                Masculino

Edad:                                              Fecha de nacimiento:    ████████

Padres:              ████████████████

Nacionalidad:    Venezuela (República Bolivariana de)

Estado civil:      ████████

Domicilio:          ████████████████

Identidad:          CEDULA DE IDENTIDAD    Fecha:                    No.:    ████████

Lugar:                                                                    País:  El Salvador

## II.1 Fecha en que la persona fue detenida                    **mar.-2024**

## III.1 Luguar en que la persona fue detenida

Provincia:                                                              País:  Estados Unidos de América

## II.2 Fecha en que la persona fue vista por ultima vez        **15-mar.-2025**

## III.2 Luguar en que la persona fue vista por ultima vez

Lugar:                Webb County Detention Center

Ciudad:              Laredo                                            Distrito:

Provincia:          Texas                                            País:  Estados Unidos de América

## V. Diligencias realizadas

AVERIGUACIONES EN          Fecha:    ████

                                            Lugar:    ████████████


Denuncia                          Fecha:    ████████

                                            Lugar:    ████████████


**Report on Enforced or Involuntary Disappearances**



---

## VI. Denunciantes(s)

Confidential                                         Fecha:  08-abr.-2025

## VII. Otros elementos de la denuncia

---

**Sesión:**      **136**

**INFORMACIÓN DEL GOBIERNO**                        Fecha:    03-abr.-2025

---

11



Según información recibida por el Gobierno de El Salvador:

"El Estado de El Salvador atentamente se refiere a las comunicaciones del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias con referencia G/SO/217/1/SLV (…) por medio de las cuales se comunica que el citado Grupo ha recibido información sobre "presuntas desapariciones forzadas en El Salvador, en el marco de deportaciones masivas llevadas a cabo entre el Gobierno de los Estados Unidos de América y El Salvador" (…).

El Estado salvadoreño ha analizado detenidamente las alegaciones presentadas en las comunicaciones que han sido remitidas por el Grupo de Trabajo, las cuales señalan que las personas mencionadas: i) se encontraban bajo custodia del Servicio de Inmigración y Control de Aduanas de los Estados Unidos (ICE -por sus siglas en inglés-); ii) fueron presuntamente deportadas a El Salvador el 15 de marzo de 2025; iii) dejaron de aparecer en el sistema de localización de detenidos en línea del ICE desde aquella fecha; iv) fueron identificadas en una lista de deportados publicada por un medio de comunicación local1; y v) su suerte y paradero son desconocidos.

En atención a lo anterior, el Estado de El Salvador expresa que ha brindado respuesta a comunicaciones previas del Grupo de Trabajo, sobre alegadas desapariciones de personas de nacionalidad venezolana, en particular, a través de la Nota Verbal B159-2025, de fecha 3 de abril del año en curso, en la cual se señaló la ausencia de fundamentos para el requerimiento de información al Estado de El Salvador; así como la ausencia de elementos que configuren una desaparición forzada atribuible al Estado de El Salvador; por lo que se solicitó la exclusión de los casos de las estadísticas de El Salvador, de conformidad a los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias, ya que dichas personas no se encontraban bajo la jurisdicción del Estado salvadoreño al momento de su presunta privación de libertad o última vez que fueron vistas.

En atención a lo anterior, el Estado de El Salvador expresa que ha brindado respuesta a comunicaciones previas del Grupo de Trabajo, sobre alegadas desapariciones de personas de nacionalidad venezolana, en particular, a través de la Nota Verbal B159-2025, de fecha 3 de abril del año en curso, en la cual se señaló la ausencia de fundamentos para el requerimiento de información al Estado de El Salvador; así como la ausencia de elementos que configuren una desaparición forzada atribuible al Estado de El Salvador; por lo que se solicitó la exclusión de los casos de las estadísticas de El Salvador, de conformidad a los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias, ya que dichas personas no se encontraban bajo la jurisdicción del Estado salvadoreño al momento de su presunta privación de libertad o última vez que fueron vistas.

El Estado reitera cada uno de los términos de su comunicación previa, en particular, que:

i sus autoridades no han realizado arrestos, detenciones, ni traslados de las personas referidas en las comunicaciones del Grupo de Trabajo,

ii la actuación del Estado de El Salvador se ha circunscrito a la implementación de un mecanismo de cooperación bilateral en materia penitenciaria con otro Estado,

iii únicamente se ha facilitado el uso de infraestructura penitenciaria salvadoreña para la recepción y custodia de personas detenidas en el marco del sistema de justicia y aplicación de la ley de otro Estado,

iv la jurisdicción y la responsabilidad legal sobre dichas personas recaen exclusivamente en las autoridades extranjeras competentes, en virtud de acuerdos internacionales suscritos y en conformidad con los principios de soberanía y cooperación internacional en materia penal,

v las acciones atribuibles al Estado salvadoreño se circunscriben a su soberanía y jurisdicción territorial,

vi las alegaciones presentadas no atribuyen ninguna acción directa al Estado salvadoreño que se ajuste a la definición de desaparición forzada conforme al derecho internacional y a los métodos de trabajo del Grupo de Trabajo, vii) que no existen fundamentos válidos para que el Grupo de Trabajo le requiera información a El Salvador, y

vii El Salvador se encuentra comprometido con el cumplimiento de sus obligaciones internacionales en materia de derechos humanos, incluyendo la prevención de desapariciones forzadas, conforme a la Resolución 7/12 del Consejo de Derechos Humanos, por lo que cuenta con una institucionalidad sólida y con regulaciones en su derecho interno que constituyen un marco de protección y de garantía para los derechos de las personas privadas de libertad, con independencia de su nacionalidad.

En consecuencia, SOLICITA al Grupo de Trabajo sobre las Desapariciones Forzadas que:

1. Tenga por presentada la respuesta del Estado de El Salvador a la comunicación G/SO/217/1/SLV de fecha 16 de abril de 2025.
2. Excluya de las estadísticas y de cualquier registro correspondiente a El Salvador, los casos referidos en la comunicación, por no cumplir su registro con lo establecido en los Métodos de trabajo del Grupo de Trabajo sobre Desapariciones Forzadas o Involuntarias, que regulan que un caso solo debe figurar en las estadísticas del Estado bajo cuya jurisdicción la persona fue privada de libertad o vista por última vez, condiciones que no se cumplen en los casos mencionados en lo que respecta a la jurisdicción del Estado salvadoreño al momento de su presunta privación de libertad o última vez que fueron vistas."

**Sesión:**   **136**

**INFORMACIÓN DE LA FUENTE**                    Fecha:   08-abr.-2025


**Report on Enforced or Involuntary Disappearances** 

El Sr. ███████████ (identificado como el Sr. ████████ en los registros de migración de E.E.U.U), nacional de Venezuela y titular de la cédula de identidad número ████████, se encontraba bajo custodia en el Centro de Detención del Condado de Webb (Laredo, Texas) cuando fue presuntamente deportado de los Estados Unidos de América a El Salvador, como parte de las deportaciones masivas que han tenido lugar a partir del 15 de marzo de 2025.

El Sr. ██████████ se encontraba bajo custodia en el Centro de Procesamiento de Moshannon Valley (Philipsburg, Pensilvania) desde mayo de 2024. Un juez ordenó su expulsión el 2 de diciembre de 2024. Posteriormente fue trasladado a un centro de detención en El Paso, Texas, y el 10 de marzo de 2025 trasladado al Centro de Detención del Condado de Webb.

El 14 de marzo de 2025, funcionarios del Servicio de Inmigración y Control de Aduanas (ICE) le habrían comunicado al Sr. ████████████ que este sería retirado del centro. Las personas asociadas con el Sr. ████████████ afirman que después de esta fecha ya no pudieron encontrar su información en el localizador de detenidos en línea del ICE, lo que implicaba que el Sr. ████████ había sido puesto en libertad o deportado.

El 15 de marzo de 2024, se informa de que el autobús en el que se estaba realizando el traslado del Sr. ████████████ se descompuso, y éste fue devuelto al Centro de Detención del Condado de Webb. El Sr. ████████ informó a personas asociadas que su salida se había reprogramado para alrededor de las 3 p.m., hora central.

Desde esta llamada, las personas relacionadas con el Sr. ████████████ no han podido ponerse en contacto con él. Adicionalmente, las personas asociadas han solicitado ayuda a la oficina de su representante en el congreso. Según la información recibida, la oficina del congresista ha solicitado información al Departamento de Seguridad Nacional de Estados Unidos y está a la espera de una respuesta.

Además, las personas asociadas han ████████████████████████████████████ ████████████████ █████████

Al momento de la presente comunicación, la suerte y el paradero del Sr. ██████████████████ siguen siendo desconocidos.

Enviado al Gobierno:    16-abr.-2025