**ORAL ARGUMENT NOT YET SCHEDULED**

No. 25-5217

In the United States Court of Appeals
for the District of Columbia Circuit

**J.G.G.** et al.,

*Plaintiffs–Appellees,*

v.

**DONALD J. TRUMP**, in his official capacity
as President of the United States, et al.,

*Defendants–Appellants.*

On Appeal from Orders
of the United States District Court
for the District of Columbia

**DEFENDANTS–APPELLANTS' RESPONSE
TO MOTION TO SUPPLEMENT THE RECORD
AND SUGGESTION OF MOOTNESS**

Plaintiffs' request to supplement the record should be denied for two overarching reasons. *First*, the underlying case is now moot. And the issue to which the document relates—whether Defendants have constructive custody over individuals held in detention in El Salvador—is even more clearly moot. *Second*, Plaintiffs have not satisfied the demanding standard for supplementing the record on appeal in any event.

***Background.*** On July 8, 2025, Plaintiffs moved to "supplement the record on appeal" with a document entitled "United Nations Office of the High Commissioner for Human Rights, Working Group on Enforced or Involuntary Disappearances ('WGEID'): Reports on Enforced or Involuntary Disappearances." Pls.' Mot. to Suppl. R. 1 ("Mot."). This Court ordered Defendants to respond on July 18, 2025. That same day, El Salvador, in its own sovereign capacity, transferred all of the class members to the custody of the Maduro regime, which then flew the class members to Venezuela on Venezuelan planes. It does not appear that the Maduro regime is holding any of the class members following their return to Venezuela. If the Maduro regime is holding them, it is based on its own laws and reasoning.

1

***Mootness.*** Plaintiffs' proffered evidence relates to the issue of whether Defendants have constructive custody over class members being held in detention in El Salvador. *See* ECF 160 at 2–3 (arguing below that this proves constructive custody or justifies additional discovery). But all of the class members are now in Venezuela—not El Salvador—and not in the United States' or even El Salvador's custody. So the issue of constructive custody is moot. *See Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006) (release of detained immigrant rendered habeas petition moot).

Plaintiffs may suggest that their due process claim does not require custody because it is a precondition of habeas and the document demonstrates that Defendants can facilitate habeas. That just proves that redressability for the due process claim and constructive custody are flip sides of the same coin. *See* Defs.' Mot. for Stay 19–21. And as Defendants have explained, the "standalone" due-process claim also sounds in habeas and thus requires custody. *Id.* at 10–15. In any event, because the class members are no longer in U.S. or Salvadoran custody, the only way for Defendants to facilitate the filing of habeas would be to take the class members *back into custody*. The due-process interest here

2

is liberty, so it would be an odd and inappropriate remedy to retake custody of these individuals. So to the extent the due-process claim is independent of any habeas claims (it is not), it is also moot because it can no longer be redressed.

Indeed, this entire action is now moot. Plaintiffs' claims were asserted as habeas claims, ECF 101 ¶ 93, as the Supreme Court specifically required, *see Trump v. J. G. G.*, 145 S. Ct. 1003, 1005 (2025) (holding that Plaintiffs' "claims fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas"). But habeas corpus jurisdiction necessarily depends on the existence of custody (actual or constructive). *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 490 (1989). And while the parties disputed whether class members being held in detention in El Salvador were in the constructive custody of the United States, there is no allegation that those class members—now in Venezuela—are in the constructive custody of the federal government now. *See I.M. v. U.S. Customs & Border Prot.*, 67 F.4th 436, 444 (D.C. Cir. 2023) (aliens returned to their home country are no longer in custody). Even if the Maduro regime—an entity that the United States does not recognize as the Government of Venezuela and with which it has

3

no formal diplomatic relations—has decided to hold any of them, there is no plausible argument that the United States has any power to countermand that decision.

Plaintiffs' claims—and this entire action—are thus moot. This Court should therefore deny the instant motion as moot and remand with instructions to dismiss the action. To the extent that this Court harbors any doubts on mootness, it should order supplemental briefing to address that issue.

***Supplementation of the Record***. Mootness aside, Plaintiffs' motion should be denied because it is improper and baseless. Supplementation of the record on appeal is appropriate only in "extraordinary circumstances." *Miss. Pub. Emps.' Ret. Sys. v. Bos. Sci. Corp.*, 523 F.3d 75, 86 n.6 (1st Cir. 2008). Thus, Fed. R. App. P. 10(e)(2) permits supplementation only if "anything material to either party is omitted from or misstated in the record by error or accident." There was no omission or misstatement by error in the record below. Indeed, Plaintiffs tellingly do not even cite the relevant rule—much less attempt to satisfy it.

4

Instead, Plaintiffs simply obtained new evidence that they want to add to the record on appeal. To justify this, Plaintiffs breezily assert that "the interests of justice" require supplementation. Mot. 1–3 (citing *Colbert v. Potter*, 471 F.3d 158, 165–66 (D.C. Cir. 2006)). Any equitable "exception" to the strictures of Rule 10(e)(2) is "rare[ly]" invoked, however. *See United States v. Kennedy*, 225 F.3d 1187, 1192 (10th Cir. 2000) (denying "rare exception" to Rule 10(e)(2)). It applies only where the document "would establish beyond any doubt the proper resolution of the pending issues" or supplementation would otherwise be "in the interests of justice." *Colbert*, 471 F.3d at 165–66. Given this strict standard, this Court routinely denies motions to expand the record on this basis summarily. *See, e.g.*, *Rojas v. Connecticut*, 2024 WL 4370045, at *1 (D.C. Cir. Oct. 2, 2024) (per curiam); *Brown v. Regan*, 2024 WL 1002569, at *1 (D.C. Cir. Mar. 1, 2024) (per curiam). The same result should obtain here.

Plaintiffs do not even attempt to argue the document "would establish beyond any doubt the proper resolution of the pending issues." *Colbert*, 471 F.3d at 165–66. Nor could they. This is a single document of limited (if any) weight. And the Government provided significant

5

contrary evidence, which the district court credited. *See* ECF 148 at 21–27. Plaintiffs' only argument appears to be that supplementation is in the interests of justice because the document should have been produced and that the document supports constructive custody. Mot. 2–3. As explained in the district court, that argument is insufficient and wrong. *See* ECF 161-1.

Insofar as Plaintiffs assert that the United States should have produced this document in discovery, *see* Mot. 2, that is baseless. None of the officials with knowledge of this case had knowledge or possession of this document. Even the office most likely to be aware of it—the United States Mission to International Organizations in Geneva, Switzerland—found no record of it after Plaintiffs brought the document to the Court's and Defendants' attention. And Plaintiffs cite no cases where mere speculation that a document should have been produced is sufficient to supplement the record on appeal. *See Town of Westport v. Monsanto Co.*, 877 F.3d 58, 61 (1st Cir. 2017) (rejecting request to supplement the record on the basis the evidence should have been produced).

Insofar as Plaintiffs assert that the document is so vital to their claims that it serves the interest of justice to expand the record, they are

plainly incorrect. The document is a report prepared by a UN Human Rights Council-mandated working group consisting of the working group's *summary* of certain allegations regarding Venezuelan nationals in Salvadoran detention and El Salvador's response, which appears copied and modified with ellipses. A three-month-old submission by an unidentified Salvadoran official modified by the Human Rights Council working group cannot overcome sworn statements from top State Department officials that the United States does "not retain custody, constructive or otherwise, over the deported individuals." *Abrego-Garcia v. Noem*, No. 8:25-cv-00951 (D. Md.), ECF 202-2 ¶¶ 2–5.; *see also* ECF 148 at 22–24; *Kiyemba v. Obama*, 561 F.3d 509, 515 (D.C. Cir. 2009); *Gul v. Obama*, 652 F.3d 12, 18 & n.\* (D.C. Cir. 2011).

Indeed, the cited language from the working group's report is confusing and unclear on its face, and read in full context appears to be referring only to the *removals* of the individuals from the United States, not their subsequent *detention* in and by El Salvador. *See* ECF 160-1 at 3 (arguing that El Salvador cannot be held "responsible for a failure to observe the principle of *non-refoulement*" (emphasis added)). *Non-*

7

*refoulement* is a concept primarily concerned with *deportation* by a country, not present and ongoing *detention*.

Finally, to the extent that the unnamed Salvadoran official who drafted El Salvador's response to the working group meant to suggest that the United States retained custody, that was simply wrong and may have reflected misunderstandings that the United States corrected after the United Nations document was written on April 3. *See* ECF 141-2, Exs. 12 & 13. The assertions in that April 3 submission do not reflect the reality of the diplomatic understanding or the facts on the ground. *See, e.g.,* ECF 141-2 ¶¶ 9–10 (Kozak declaration); ECF 148 at 22–24; *Abrego-Garcia*, ECF 202-2 ¶¶ 2–5 (Rubio declaration). And in any event, once again, class members are no longer in El Salvador's custody, so any statement from a Salvadoran official on the matter is irrelevant now.

The Court should deny Plaintiffs' Motion to Supplement the Record, remand with directions to dismiss the entire case as moot, or order supplemental briefing on mootness.

8

Respectfully submitted,

**Brett Shumate**
Assistant Attorney General
Civil Division

s/Drew C. Ensign
**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
(202) 514-2000
drew.c.ensign@usdoj.gov

**August Flentje**
Special Counsel for Immigration

**Tiberius T. Davis**
Counsel to the Assistant Attorney General

**Anthony Nicastro**
Acting Director
Office of Immigration Litigation

**Ernesto Molina**
Deputy Director

Dated: July 23, 2025        *Counsel for Defendants–Appellants*

9

**Certificate of Compliance
for Papers Submitted Under Fed. R. App. P. 27(d)(2)(A)**

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,577 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word for Microsoft 365 MSO (Version 2505 Build 16.0.18827.20102) 64-bit.

Dated: July 23, 2025          s/Drew C. Ensign
                              *Counsel for Defendants–Appellants*