[Oral Argument Not Yet Scheduled]

———————

No. 25-5217

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

J.G.G., *et al.*,

*Plaintiffs–Appellees*,

v.

DONALD J. TRUMP, in his official capacity as
President of the United States, *et al.*,

*Defendants–Appellants.*

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
No. 1:25-cv-00766
Hon. James E. Boasberg

**PLAINTIFFS-APPELLEES' RESPONSE TO MOTION FOR LEAVE TO
INTERVENE AND MOTION TO UNSEAL**

My Khanh Ngo
Evelyn Danforth-Scott
Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
Cody Wofsy
AMERICAN CIVIL LIBERTIES
　UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104

Lee Gelernt
　*Counsel of Record*
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
　UNION FOUNDATION
125 Broad Street, 18th Floor

Tel.: (415) 343-0770
Fax: (332) 220-1702

Arthur B. Spitzer
Scott Michelman
Aditi Shah
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION OF
    THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
Tel.: (202) 457-0800

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, D.C. 20005
Tel.: (212) 549-2500

*Barred in Texas and Arizona only;
supervised by a member of the D.C. Bar

New York, NY 10004
Tel.: (212) 549-2660
Fax: (332) 220-1702
lgelernt@aclu.org

Brian Netter
Bradley Girard
Christine L. Coogle
DEMOCRACY FORWARD
    FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel.: (202) 448-9090
Fax: (202) 796-4426

---

*Counsel for Plaintiffs–Appellees*

This Court should deny Paul Dorsey's ("Proposed Intervenor") motion for leave to intervene and motion to unseal.[1]

Proposed Intervenor's motion to unseal Plaintiffs-Appellees' ("Plaintiffs") names should be denied.[2] He primarily argues that Plaintiffs' identities are no longer confidential because CBS posted a list of individuals allegedly detained at CECOT. Mot. to Intervene 11-16.[3] But the government has *never* authenticated that list nor indicated that it is an exclusive list of everyone removed to CECOT. Moreover, that list does not purport to include the names of any next friends.

In any event, a news outlet's publication of an unauthenticated list of possible plaintiffs' names cannot outweigh the danger to Plaintiffs and their next friends in revealing their identities in connection with details of their *asylum* claims—as the district court's well-reasoned opinion explained. *See J.G.G.*, 2025 WL 1352316, at

---

[1] In an Order on August 8, 2025, the panel remanded this case back to Chief Judge Boasberg, and the mandate issued on August 19, 2025.

[2] The *J.G.G.* case before Chief Judge Boasberg has resulted in two separate appeals. This appeal involves the merits of facilitating habeas petitions for individuals removed to CECOT under the AEA. Here, Proposed Intervenor has sought to uncover the identities of the amended named plaintiffs and their next friends. The other appeal involves a contempt proceeding. No. 25-5124. In that appeal, Proposed Intervenor has sought to uncover the identities of the original named plaintiffs.

[3] The Proposed Intervenor accuses Plaintiffs of "outright deception" regarding the confidentiality of asylum applications, since information regarding the application may be disclosed to courts. Mot. to Intervene 18. But that is wrong. As the district court observed, "judicial proceedings stemming from asylum applications routinely use pseudonyms." *J.G.G. v. Trump*, No. 25-cv-766, 2025 WL 1352316, at *2 (D.D.C. May 8, 2025).

*2-3 (explaining that *In re Sealed Case*, 931 F.3d 92 (D.C. Cir. 2019), factors (1), (2), and (5) weigh in favor of pseudonymity). As the district court recognized, the Amended Complaint includes highly sensitive details of Plaintiffs' asylum claims, "such as the abuse and danger that they faced in Venezuela at the hands of political leaders or paramilitary groups." *Id.* at *2. And both the named Plaintiffs and their next friends face further abuse and danger from these same groups if they are publicly identified as asserting those allegations. Indeed, these concerns have only heightened since the district court issued its opinion, as Plaintiffs are now back in Venezuela—where their alleged persecutors can easily reach them and their families. The substantial risk to Plaintiffs' and next friends' safety in connection with the sensitive information related to their asylum claims plainly outweighs any public interest in learning which individuals among the class brought this specific federal case.[4]

Granting Proposed Intervenor's motions would set a dangerous precedent that would risk placing asylum seekers who file federal litigation in grave danger. This

---

[4] Proposed Intervenor's motion for permissive intervention should also be denied as procedurally improper. Proposed Intervenor admits that, prior to filing this motion, he had already submitted a motion to intervene seeking the exact same relief to the district court. Mot. to Intervene 4. Instead of waiting for the district court to adjudicate his motion, Proposed Intervenor proceeded directly to this Court while his motion remained pending at the district court. The district court subsequently denied the motion. July 7, 2025 Minute Order.

2

Court should deny Proposed Intervenor's motion for leave to intervene and motion to unseal.

Date: August 22, 2025

My Khanh Ngo
Evelyn Danforth-Scott
Spencer Amdur
Noelle Smith
Oscar Sarabia Roman
Cody Wofsy
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
425 California Street, Suite 700
San Francisco, CA 94104
Tel.: (415) 343-0770
Fax: (332) 220-1702

Arthur B. Spitzer
Scott Michelman
Aditi Shah
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION OF
   THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
Tel.: (202) 457-0800

Kathryn Huddleston*
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
915 15th Street, NW, 7th Floor
Washington, D.C. 20005
Tel.: (212) 549-2500

Respectfully submitted,

/s/ *Lee Gelernt*
Lee Gelernt
   *Counsel of Record*
Daniel Galindo
Ashley Gorski
Patrick Toomey
Omar Jadwat
Hina Shamsi
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2660
Fax: (332) 220-1702
lgelernt@aclu.org

Brian Netter
Bradley Girard
Christine L. Coogle
DEMOCRACY FORWARD
   FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
Tel.: (202) 448-9090
Fax: (202) 796-4426

3

*\*Barred in Texas and Arizona only;
supervised by a member of the D.C. Bar*

*Counsel for Plaintiffs–Appellees*

4

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 572 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced and easy-to-read typeface using Microsoft Word in 14-point size font.

/s/ *Lee Gelernt*
Lee Gelernt
August 22, 2025
*Counsel for Plaintiffs–Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2025, I electronically filed the foregoing Response with the Clerk for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. A true and correct copy of this brief has been served via the Court's CM/ECF system on all counsel of record.

/s/ *Lee Gelernt*
Lee Gelernt
August 22, 2025
*Counsel for Plaintiffs–Appellees*